# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

JESSICA MACK,

          Plaintiff,

   v.

WEBBANK, EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.; and
TRANSUNION, LLC,

          Defendants.

Case No. _____

## DEFENDANT WEBBANK'S NOTICE OF REMOVAL

Defendant WebBank, by counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, notices the removal of this civil action from the Circuit Court of Jackson County, Missouri to the United States District Court for the Western District of Missouri.  In support of its removal to this Court, WebBank states as follows:

## BACKGROUND

1.      On or about May 19, 2026, plaintiff Jessica Mack ("Plaintiff" or "Mack") filed her complaint (the "Complaint") against WebBank and other defendants in the Circuit Court of the 16th Judicial District, Jackson County, Missouri (the "State Court Action")

2.      Plaintiff served the Complaint on WebBank on May 21, 2026.

3.      Plaintiff alleges Counts I and II under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq.; Count III under the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq.; and Count IV under R.S.Mo. § 570.223.

4.      Because the Complaint contains claims arising under the laws of the United States, WebBank now removes the case to this Court.  All documents filed in the State Court Action are

attached to this notice as **Exhibit A** (separated into subparts A-00 through A-35). *See* 28 U.S.C. § 1446(a) (requiring removing parties to attach "a copy of all process, pleadings, and orders served upon such defendant or defendants in such action").

## GROUNDS FOR REMOVAL

5.  This action is removable to federal court. Indeed, 28 U.S.C. § 1441(a) provides, in pertinent part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal is appropriate in this case because this Court has original jurisdiction over this action, venue is proper, and WebBank has timely removed the case.

### Jurisdiction

6.  This Court has original jurisdiction over this civil action based on federal question jurisdiction. Pursuant to 28 U.S.C. § 1331, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.  Plaintiff purports to assert violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq. (Counts I and II), as well as violations of the Truth in Lending Act, 15 U.S.C. §§ 1601, et seq. (Count III). These claims satisfy the requirement for federal question jurisdiction under 28 U.S.C. § 1331. *See Pet Quarters, Inc. v. Depository Trust & Clearing Corp.*, 559 F.3d 772, 779 (8th Cir. 2009).

### Venue

8.  Venue in this district is proper. Removal must be made "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. §§

1441(a), 1446(a); *Polizzi v. Cowles Mags, Inc.*, 345 U.S. 663, 665-66 (1953) ("The venue of removed actions is governed by 28 U.S.C. § 1441(a)."). The U.S. District Court for the Western District of Missouri includes the Circuit Court of the 16th Judicial District, Jackson County, Missouri. Therefore venue is proper.

Timeliness

9. WebBank timely removes this case. Section 1446(b) requires that a defendant remove a case "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . " 28 U.S.C. § 1446(b)(1).

10. Here, WebBank received the Complaint on May 21, 2026. The deadline for filing the notice of removal is therefore June 22, 2026. Accordingly, removal is timely.

Consent

11. Under Section 1446(b)(2)(A), all defendants who are a party to the case must consent to removal.

12. From the state court's docket, it is apparent that Equifax Information Solutions, Inc. and TransUnion, LLC, have already settled with Plaintiff and have been dismissed from the case.

13. Experian Information Systems LLC has consented to this removal. *See* **Exhibit B**.

Notice in the State Court Action

14. Under 28 U.S.C. § 1446(d), a removing party is required to give notice of the removal to all adverse parties and to file a copy of the notice with the clerk of the state court from which the case was removed. *See* 28 U.S.C. § 1446(d). WebBank shall promptly serve a copy of this notice of removal, including Exhibit A, on Plaintiff. Further, WebBank shall promptly file

a notice of this notice of removal in the State Court Action, thereby effecting the removal to this Court.

## CONCLUSION

For the foregoing reasons, WebBank respectfully requests that this action be, and is, removed to this Court, that this Court assume jurisdiction over this action and that this Court enter such other orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Dated: June 22, 2026

Respectfully submitted,

McDOWELL, RICE, SMITH, & BUCHANAN,
*a Professional Corporation*

By: */s/ Thomas R. Buchanan*
Thomas R. Buchanan, MO# 45612
Jason L. Buchanan, MO# 54790
605 W. 47th Street, Suite 350
Kansas City, MO 64112
Tel: 816-753-5400
tbuchanan@mcdowellrice.com
jb@mcdowellrice.com

*Counsel for Defendant WebBank*